UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RAYMO FALCON GALLEGOS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 2:17-cv-00082-WTL-MJD |
| | ) | |
| WARDEN KRUEGER, | ) | |
| | ) | |
| Respondents. | ) | |

**Entry Denying Petition for Writ of Habeas
Corpus and Directing Entry of Final Judgment**

**I.**

Raymo Falcon Gallegos is an inmate confined in this District seeking a writ of habeas corpus based on his contention that the Federal Bureau of Prisons ("BOP") has improperly computed his federal sentence imposed by the United States District Court for the Northern District of California in No. CR-11-00592-001 ("the federal sentence"). Although Gallegos disparages the government's explanation, the Court finds that explanation to be entirely in accord with both the facts and the controlling law.

Having thus considered the pleadings and the expanded record, and being duly advised, the Court finds that Gallegos's petition for a writ of habeas corpus must be denied.

**Discussion**

The federal sentence was imposed on February 22, 2013. It was initially for a term of 100 months and was later reduced to 92 months. According to 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." Credit for prior custody is specifically addressed by 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

In calculating the sentence, the BOP determines (1) when the federal sentence commenced, and (2) whether there are any credits to which the prisoner may be entitled. See 18 U.S.C. § 3585. In other words, a federal prisoner can receive credit for certain time spent in official detention before his sentence begins, as long as that time has not been credited against any other sentence. However, "Congress made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson,* 503 U.S. 329, 337 (1992). The Seventh Circuit has likewise made clear that § 3585(b) forbids the BOP from giving prior custody credit when that credit has been applied to another sentence. *See Gigsby v. Bledsoe*, 223 Fed.Appx. 486, 489 (7th Cir. 2007); *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000). In *Gigsby*, the Seventh Circuit determined that where the state credited the petitioner for time spent in custody before the commencement of his federal sentence, he was not entitled to the same benefit from the BOP merely because his subsequent federal sentence was ordered to run concurrently. *Gigsby*, 223 Fed.Appx at 489.

The pivotal facts in this case are undisputed and are these: The federal sentence was imposed on February 22, 2013. At the time, Gallegos was serving a sentence imposed by the California state courts. He had come into federal custody on October 28, 2011 pursuant to a writ of habeas corpus *ad prosequendum.* Gallegos received credit from the State of California for various the state court sentences until he was released to the exclusive custody of federal authorities on May 5, 2014. More specifically, Gallegos received credit from the State of California for the period of time for which he seeks credit in the present case. By the same token, however, Gallegos was given prior credit time for the period from July 17, 2012 through May 4, 2014.

Gallegos being physically in the custody of federal authorities is not determinative. A prisoner detained pursuant to a writ of habeas corpus *ad prosenquendum* remains in the primary jurisdiction of the first jurisdiction "unless and until the first sovereign relinquishes jurisdiction over the prisoner." *Rios v. Wiley*, 201 F.3d 257, 274 (3d Cir. 2000); BOP Program Statement 5880.28 § 3b (1999) (emphasizing that *ad prosenquendum* writs do not effect a transfer to federal custody). Until then, a prisoner in the primary custody of a state earns no credit against the federal sentence for any period credited toward an undischarged state sentence. *See Sinito v. Kindt*, 954 F.2d 467, 470 (7th Cir. 1992); *United States v. Kanton*, 362 F.2d 178, 179 (7th Cir. 1966). Here, California did not relinquish jurisdiction prior to the time that Gallegos completed his state sentences. That was the point at which his service of the federal sentence commenced. *See* 18 U.S.C. § 3585(a)("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served.").

**Conclusion**

As explained above, Gallegos has failed to show that the BOP has miscalculated the federal sentence or has improperly denied him credit toward that sentence. *See, e.g., Matthews v. Hollingsworth*, 2011 WL 2534017, at *4 (S.D.Ill. June 27, 2011) ("Once the state sentence began accruing credit towards petitioner's incarceration, the [BOP] properly refused to credit petitioner's federal sentence for the same time. Neither the subsequent order that his federal and non-federal sentences run concurrently, nor the fact that petitioner was temporarily detained by federal authorities during his state sentence transform his time spent in state prison into presentence nonfederal time for purposes of § 3585(b)."). Accordingly, Gallegos has likewise failed to show that he is entitled to habeas corpus relief and his petition for a writ of habeas corpus must be denied.

**II.**

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 9/18/17

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

RAYMO FALCON GALLEGOS
16369-111
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Electronically registered counsel